# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA DIVISION

CASE NO. 6:19-cv-01975-Orl-37EJK

KYLE POND,

        Plaintiff,

v.

RED LAMBDA, INC., and
BAHRAM YUSEFZADEH,

        Defendants.
_____/

**FLSA SETTLEMENT AGREEMENT AND RELEASE**

This FLSA Settlement Agreement and Release ("Agreement") is entered into by and between Kyle Pond ("Pond"), Red Lambda, Inc. ("RLI"), and Bahram Yusefzadeh (Pond, RLI and Yusefzadeh are collectively referred to as the "Parties"), on the following terms:

**RECITALS**

**WHEREAS**, former RLI employee Pond has filed a lawsuit styled *Kyle Pond v. Red Lambda, Inc., et al.*, Case No. 6:19-cv-01975-37EJK which remains pending in the United States District Court, Middle District of Florida, (the "Action"), and which includes a count against RLI and Yusefzadeh for alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA Claim");

**WHEREAS**, the Parties desire to separately, fully and finally resolve the FLSA Claim to avoid the additional effort and expense of litigation; and

**WHEREAS**, RLI and Yusefzadeh do not admit and explicitly deny the allegations made in connection with the FLSA Claim, and further deny any violation whatsoever of the FLSA or any other employment law, rule, or regulation.

**NOW THEREFORE**, in consideration of the promises and mutual covenants contained herein, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

    1.    Recitals. The above Recitals are true and correct and incorporated herein by reference.

    2.    Settlement Payment. In consideration of the dismissal of the FLSA claim with prejudice and the release set forth below, RLI shall pay to Pond the sum total of $15,000.00 (Fifteen Thousand Dollars and Zero Cents, as follows: (a) a payment of $10,000.00 (Ten Thousand Dollars and Zero Cents) as consideration to resolve Pond's alleged FLSA Claim and the releases described herein; and (b) a payment of $5,000.00 (Five Thousand Dollars and Zero Cents) payable to Hollifield Legal Centre (EIN 38-3895026), as payment in full for all alleged attorneys' fees and costs incurred by Pond in connection with the FLSA Claim. An IRS Form 1099 will be issued to Pond and to his counsel, Hollifield Legal Centre, in connection with these settlement payments and in accordance with applicable law. The two payments above shall be

delivered to Hollifield Legal Centre by wire within ten (10) days of: (a) the execution of this Agreement by all Parties; (b) RLI's receipt of 2019 IRS W-9 Forms from Pond and Hollifield Legal Centre; and (c) the Court's approval of this Agreement and dismissal of the FLSA Claim with prejudice, as described in paragraph 5 below and Exhibit A to this Agreement.

3.  Taxes and Indemnification. Pond acknowledges that he is solely responsible for the payment of all federal, state and/or local taxes imposed on him by any revenue agency that is or may be owed taxes or other withholdings with respect to monies paid by RLI to Pond and/or paid on his behalf hereunder. Pond shall indemnify and hold RLI harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental authority because of Pond's failure to pay taxes or other withholdings relative to the amounts paid by RLI hereunder. Pond further agrees to hold RLI harmless as to costs, expenses or damages sustained by Pond as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise, as a result of his failure to pay such taxes or other withholdings. Pond represents that he is not relying in any way upon the RLI Released Parties in this regard.

4.  No Admission of Liability. This Agreement does not constitute and shall not be construed as an admission by any Party of liability or wrongdoing or any violation of law and, to the contrary, any such interpretation is specifically denied. It is expressly understood and agreed that this Agreement shall not be construed as or be deemed to be evidence of an admission or concession of any fault or liability or damage whatsoever on the part of any of the Parties. By entering into this Agreement and paying the consideration set forth herein, the RLI Released Parties do not admit, and expressly deny, liability of any kind to Pond with respect to the FLSA Claims, and expressly assert that Pond's FLSA Claims are without merit. The Parties acknowledge that the Agreement is being entered into solely to avoid the cost and expense of litigation associated with the FLSA Claims.

5.  Joint Motion to Approve Settlement & Dismiss FLSA Claim With Prejudice. Concurrent with the execution of this Agreement, the Parties agree to file a Joint Motion to Approve the Settlement Agreement and Dismiss the FLSA Claim With Prejudice against RLI and Yusefzadeh, in the form attached as Exhibit A. Should the Court not approve the proposed settlement of the FLSA Claim, this Agreement shall be null and void and no payment set forth herein shall be required. However, the Parties shall promptly confer and cooperate in a good faith effort to cure any defects observed by the Court, and endeavor to obtain final Court approval consistent with the other terms and conditions set forth herein.

6.  Representation. Pond represents, warrants, stipulates and agrees that, upon receipt of the settlement payment described in paragraph 2 above, his FLSA Claim will be fully satisfied without compromise and that no dispute remains as to the computation of minimum wages he claims he is owed in connection with his FLSA Claim. Pond further represents, warrants, stipulates, and agrees that he has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any portion of any released claim.

7.  Release. In consideration of the settlement payment described in paragraph 2 above and the other promises and covenants contained in this Agreement, Pond, on behalf of himself and his spouse, heirs, agents, representatives, assigns, and any other persons or entities acting or purporting to act on behalf of Pond (collectively, the "Pond Releasors"), does hereby knowingly, voluntarily, fully and forever waive, release, and discharge RLI and each of RLI's parents, subsidiaries, and other affiliated entities, and each of RLI's and its affiliated entities' respective officers, directors, shareholders, predecessors, successors or assigns, attorneys, agents

and employees, and each of their respective heirs, executors, administrators, personal representatives, successors and/or assigns (collectively, the "RLI Releasees") and Bahram Yusefzadeh ("Yusefzadeh"), of and from any and all known and unknown rights, claims, complaints, demands, charges, liabilities, obligations, promises, agreements, damages, actions and lawsuits of any kind arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and other federal and/or state laws, rules, or regulations pertaining to the payment of wages, including without limitation Florida's Wage Discrimination Law (Fla. Stat. §448.07), Florida's Equal Pay Law (Fla. Stat. §725.07), and Florida's Minimum Wage Act (Fla. Stat. §448.110), which Pond has or may have against RLI, Yusefzadeh, and/or any of the RLI Released Parties.

8. <u>Acknowledgment of Reasonable Time to Review</u>. Pond represents and agrees that he has carefully read and fully understands all of the provisions of this Agreement, that he has been provided with reasonable time to consider this Agreement, and that he is voluntarily entering into this Agreement. The corporate signatory on behalf of RLI likewise represents and warrants that he has obtained all necessary corporate approval to enter into this Agreement, and that the person signing this Agreement on its behalf has the authority to do so. These warranties shall survive the execution of this Agreement indefinitely.

9. <u>Attorney Fees and Costs</u>. Except as otherwise set forth herein, each party shall be responsible for payment of their own attorneys' fees and costs in the Action.

10. <u>Severability</u>. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law and to that extent the Agreement is severable.

11. <u>Governing Law and Venue</u>. This Agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction of the Florida federal and state courts. Venue shall lie exclusively in the federal and state courts of Seminole County, Florida.

12. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. A fully executed copy of this Agreement shall be of the same force and effect as an original.

13. <u>Successors and Assigns</u>. This Agreement is binding on each of the Parties and their respective heirs, successors, and assigns.

14. <u>Representations</u>. Except as expressly provided herein, the Parties represent and warrant that, in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty, or understanding made by any of the Parties or their representatives with regard to the subject matter, basis, or effect of this Agreement.

15. <u>Drafting of Agreement</u>. The Parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

16. <u>No Change to Agreement</u>. The Parties acknowledge and assume the risk that additional or different facts may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different, or contrary facts shall in no way limit, waive, affect, or alter this Agreement.

17. <u>Opportunity to Consider and Confer</u>. Pond expressly warrants and represents that, before executing this Agreement, Pond fully informed himself of the terms, contents, conditions and effects thereof; that in making the settlement represented by this Agreement, Pond had the benefit of the advice of counsel of his own choosing; that no promise or representation of any kind has been made to Pond regarding the settlement of his FLSA Claim, except as is expressly stated in this Agreement; that Pond fully understands and is in complete agreement with all terms of this Agreement; and, that Pond is entering into this Agreement of his own volition. Pond further expressly warrants and represents that he has relied solely and completely on his own judgment and the advice of his counsel in making the settlement represented by this Agreement.

18. <u>Consultation</u>. Pond acknowledges that he has been advised to consult an attorney prior to signing this Agreement, and that he has consulted with and been advised by counsel in this matter and is satisfied that he has received sufficient legal advice and that he understands all of his options in connection with this Agreement.

19. <u>Understanding of Agreement</u>. This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement in its entirety and that they understand the words, terms, conditions, and legal significance of this Agreement.

20. <u>Notices</u>. All notices relating to this Agreement shall go to the following:

(a) As to Kyle Pond, notice shall go to:

Travis R. Hollifield
Hollifield Legal Centre
147 E. Lyman Avenue – Suite C
Winter Park, Florida 32789

(b) For Red Lambda, Inc.:

Ted Waz, tedwaz@gmail.com

Paul Gupta
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
pgupta@reedsmith.com

(c) For Bahram Yusefzadeh: by@v2r.com

**[Rest of Page Intentionally Left Blank]**

**THE PARTIES AGREE THAT THIS AGREEMENT CONSTITUTES THEIR ENTIRE AGREEMENT AND THAT THEY HAVE READ AND UNDERSTAND ALL ITS PROVISIONS**

**KYLE POND**, Individually

_____

Dated: November 8, 2019

**RED LAMBDA, INC.**

_____

Name:
Title: B. YUSEFZADEH
EXECUTIVE CHAIRMAN & PRESIDENT

Dated 11-12-2019

**BAHRAM YUSEFZADEH**, Individually

_____

*Pro se*

Dated: 11-12-2019

5

**EXHIBIT B**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:19-cv-1975-Orl-37EJK

KYLE POND,

    Plaintiff,

v.

RED LAMBDA, INC.,
A Florida corporation, and
BAHRAM YUSEFZADEH,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT

Plaintiff, Kyle Pond ("Pond"), Defendant Red Lambda, Inc. ("RLI"), and *pro se* Defendant Bahram Yusefzadeh ("Yusefzadeh") (collectively, the "Parties"), respectfully request that the Court review and approve the Parties' proposed settlement of Pond's claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA Claim"), and enter an order approving the agreement and dismissing the FLSA Claim (Count II) with prejudice against RLI and Yusefzadeh. In support thereof, the Parties submit the following memorandum of law:

## PRELIMINARY STATEMENT

Pond is a former RLI employee, and Yusefzadeh supervised Pond during his employment. In Count II of his Complaint, Pond alleges that RLI and Yusefzadeh failed to pay Pond the statutory minimum wage established by the FLSA. RLI and Yusefzadeh deny this allegation. The parties have nevertheless reviewed and assessed the potential burdens and expense of litigation, and agree that the negotiated terms reflected in the FLSA Settlement Agreement and Release attached as Exhibit A (the "Proposed Agreement") constitute a fair and reasonable resolution of the FLSA claim, and in fact meet or exceed the value of that claim.

7

Accordingly, and pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) and this Court's Scheduling Order [ECF No. 6], the parties respectfully submit their proposed FLSA Settlement Agreement and Release for the Court's review and approval.

## MEMORANDUM OF LAW

### A. Standard of Review.

A plaintiff may settle and waive FLSA claims if the parties present the court with the proposed settlement agreement and receive the court's approval. *Lynn's Food*, 679 F.2d at 1353. Pursuant to *Lynn's Food*, the Court must review the Settlement Agreement and Release to determine whether the settlement constitutes "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. If the settlement constitutes a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement agreement is fair and reasonable, courts consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of . . . counsel . . . .

*Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). There is a "strong presumption in favor of finding a settlement fair." *Helms v. Cent. Florida Reg'l Hosp.*,

No. 605-cv-383-Orl-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (internal quotation marks omitted).

### B. The Settlement Agreement and Release Constitutes a Fair and Reasonable Settlement of a Bona Fide Dispute Over Pond's FLSA Claim.

As shown below, the Proposed Agreement satisfies all the factors set forth in *Leverso* for qualifying as a fair and reasonable settlement of a bona fide dispute over an alleged FLSA claim.

***First***, the settlement of Pond's FLSA claim has not involved any fraud, coercion, collusion, or undue influence. The Parties reached their settlement through voluntary negotiations and after due consideration by each of them. Both Pond and RLI retained counsel experienced in litigating FLSA claims, including minimum wage claims, and have been represented by this counsel throughout the negotiation and execution of the Proposed Agreement. Specifically, Pond is represented by Travis R. Hollifield of Hollifield Legal Centre, and RLI is represented by Jay Thornton of Reed Smith LLP. While Defendant Yusefzadeh appears *pro se,* he will receive the benefit of a dismissal with prejudice and release of the sole claim against him (Count II) through the proposed agreement.

In investigating Pond's claim and negotiating this resolution, counsel for Pond and RLI have complied with their obligations to zealously represent their clients' best interests. Based upon the facts and circumstances of the case, the parties jointly advise the Court that the settlement amount agreed upon constitutes a fair and reasonable settlement of a bona fide dispute over Pond's FLSA claim.[1]

***Second***, the complexity, expense, and likely duration of the litigation in this matter also support approval of the Proposed Agreement. The parties strongly disagree over the merits of

---

[1] In addition to the FLSA Settlement Agreement and Release attached as Exhibit A, Pond and RLI have entered into an otherwise confidential settlement agreement as to Count I of Pond's Complaint, which entails a dismissal with prejudice of that claim. Yusefzadeh is not a defendant to Count I.

Pond's FLSA claim. The Parties are also mindful, however, of the risks, costs, and delays that accompany extended litigation, motion practice, and trial. The Proposed Agreement, therefore, provides a valid way for the parties to resolve their dispute and minimize the risks, costs, delays, and inefficiencies of protracted litigation. These factors weight in favor of finding the parties' Settlement Agreement and Release a fair and reasonable resolution of their FLSA dispute.

*Third*, at this stage in the proceeding, there has been sufficient investigation and exchange of information to allow the parties and their counsel to understand each party's position and make an informed decision as to how to best proceed. In agreeing upon the proposed settlement, the parties have had access to sufficient information and advice of counsel to permit them to make a well-informed and well-reasoned decision as to how to handle their dispute. Accordingly, these factors weigh in favor of finding the parties' Settlement Agreement and Release to be fair and reasonable.

*Fourth*, the high degree of uncertainty surrounding Pond's probability of success on the merits also makes the agreed-upon settlement fair and reasonable. RLI and Yusefzadeh deny wrongdoing and liability of any kind to Pond with respect to his FLSA claim. As an initial matter, RLI maintains that Pond is exempt from the provisions of the FLSA and that RLI acted in compliance with the FLSA wage-and-hour payment provisions. If this case were to proceed to trial, RLI would raise additional defenses that would decrease Pond's likelihood of success on the merits. Accordingly, the Proposed Agreement constitutes a fair and reasonable settlement of Pond's alleged FLSA claim.

*Fifth*, the range of potential recovery by Pond is also subject to dispute. Even if Pond were to succeed on the merits of his claim, which would require the parties to expend significant amounts of additional time and resources, the exact amount of his recovery is uncertain. If this

case were to proceed to trial, Pond would have difficulty proving the number of hours worked and knowledge of those hours on the part of RLI. This uncertainty as to the amount Pond would recover—if any—weighs in favor of the Court finding the Proposed Agreement to be a fair and reasonable settlement.

***Sixth***, as noted, both Pond and RLI have received the advice and counsel of attorneys who are experience in litigating FLSA claims such as the one raised in this case. Both Pond and RLI have been represented by this counsel throughout the negotiation and execution of the Proposed Agreement, and their attorneys have complied with their obligations to represent their respective clients' best interests. Since both Pond and RLI have consulted with counsel in reaching their settlement, the Proposed Agreement constitutes a fair and reasonable settlement of the parties' dispute over Pond's FLSA claim.

### C. The Parties Stipulate that the Attorney's Fees Provided in the Proposed Agreement Are Also Fair and Reasonable.

In addition to and apart from the consideration being provided to Pond by RLI in settlement of Pond's alleged FLSA claim, the Proposed Agreement provides for payment of Pond's attorney's fees. The inclusion of this attorney's fee provision has not affected the amount of consideration being provided to resolve Pond's alleged FLSA claim. In determining the reasonableness of attorneys' fees, the lodestar is generally computed by multiplying the number of hours reasonably expended by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). In the settlement of an individual's FLSA claim, however, it is unnecessary for a court to analyze the reasonableness of attorney's fees when the parties stipulate as to their reasonableness. "The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action." *Helms v. Cent. Florida Reg'l Hosp.*, No. 605-cv-383-Orl-22JGG, 2006 WL 3858491, at *3 (M.D. Fla. Dec. 26, 2006). Since Pond

11

and RLI stipulate that the proposed payment of fees to Pond's counsel is reasonable and was negotiated separately from and without impacting the consideration provided to Pond in settlement of his alleged FLSA claim, it is appropriate for this Court to find the proposed attorney's fees to be reasonable.

## **CONCLUSION & RELIEF REQUESTED**

The Proposed Agreement attached as Exhibit A constitutes a fair and reasonable settlement of Pond's alleged FLSA claim against RLI and Yusefzadeh (Count II). Separately from the settlement of Pond's alleged FLSA claim, the parties have agreed to a fair and reasonable payment of Pond's attorney's fees with respect to Count II, as also reflected in Exhibit A. Because the Proposed Agreement satisfies all requirements for approval, the Parties respectfully request entry of an Order approving their FLSA Settlement Agreement and Release in full.

**[Rest of Page Intentionally Left Blank]**

WHEREFORE, Plaintiff, Kyle Pond, Defendant Red Lambda, Inc., and pro se Defendant Bahram Yusefzadeh respectfully request that this Court enter an Order granting this motion, approving the FLSA Settlement Agreement and Release attached to this motion as Exhibit A, dismissing Pond's FLSA claim against Defendants Red Lambda, Inc. and Bahram Yusefzadeh with prejudice, and any such other and further relief as the Court deems appropriate.

Dated: November 6, 2019

Respectfully submitted,

/s/ Travis R. Hollifield
Travis R. Hollifield
Florida Bar No. 0094420
*Attorney for Plaintiff Kyle Pond*
HOLLIFIELD LEGAL CENTRE
147 E. Lyman Avenue, Suite C
Winter Park, FL 32789
Telephone: (407) 559-9590
Facsimile: (407) 559-9591
jdepaula@depaulalaw.com

/s/ Jay Thornton
Jay Thornton
Florida Bar No. 323070
*Attorney for Red Lambda, Inc.*
REED SMITH LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299
jthornton@reedsmith.com

Bahram Yusefzadeh
Pro se

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November ___, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all counsel or parties of record.

By: /s/ Jay Thornton
Jay Thornton, Esq.

13